UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMARA G. NELSON and TIMOTHEA N. RICHARDSON, individually and on behalf of all other persons similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BELINDA C. CONSTANT, in her official capacity as Mayor of the City of Gretna, Louisiana, RAYMOND A. OSBORN, JR., in his official capacity as Magistrate of the Gretna Mayor's Court, OLDEN C. TOUPS, JR., in his official capacity as Magistrate of the Gretna Mayor's Court, WALTER J. LEBLANC, in his official capacity as City Prosecutor for the City of Gretna, ARTHUR LAWSON, JR., in his official capacities as Chief of Police and Marshal, TERRI BROSSETTE, in her official capacities as Clerk of the Gretna Mayor's Court and Lieutenant of the Gretna Police Department, and the CITY OF GRETNA, LOUISIANA.<br><br>  Defendants. | Case No. 17-cv-14581<br>(Class Action)<br>**Expedited Consideration Requested** |

PLAINTIFF TAMARA NELSON'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Tamara Nelson moves this Honorable Court under Rule 65 of the Federal Rules of Civil Procedure for an Order, pending decision on the merits of the case, enjoining Defendants Constant, Osborn, Toups, and LeBlanc to stay Ms. Nelson's trial in the Mayor's Court, currently scheduled for December 6, 2017, at 12:45 p.m.

This relief is warranted because Ms. Nelson is likely to succeed in her legal claim that the Gretna Mayor's Court suffers from an unconstitutional conflict of interest due to the Mayor's dual role as executive and judiciary.

Unless this Court issues a Temporary Restraining Order and Preliminary Injunction, Ms. Nelson will suffer immediate and irreparable harm through the injury of being subjected to a biased adjudication, in violation of her right to Due Process. While a decision of the Mayor's Court may be appealed, it is not suspensive, and Ms. Nelson could be subject to collections, suspension of driver's license, and imprisonment for nonpayment.

There is little, if any, injury to the Defendants in staying a single prosecution. The injunctive relief sought would not disserve the public interest, but would affirmatively forward it, since it is always in the public interest to prevent the violation of Constitutional rights. Finally, this Court should not abstain from enjoining a state court under <u>Younger v. Harris</u>, 401 U.S. 37 (1971) if, as here, the state court is alleged to be a biased forum.

For these reasons, this Honorable Court should issue an order temporarily restraining Defendants from proceeding with Ms. Nelson's trial and, after further consideration, grant a preliminary injunction pending the resolution of Ms. Nelson's claims.

Respectfully submitted,

*/s Eric A. Foley*
Eric A. Foley, La. Bar No. 34199, TC
Katie M. Schwartzmann, La. Bar No. 30295
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(617) 817-1992 (c)
(504) 208-3133 (f)
eric.foley@macarthurjustice.org
katie.schwartzmann@macarthurjustice.org

## RULE 65 CERTIFICATE

I certify that prior to filing, copies of this motion and accompanying memorandum along with a copy of the complaint, motion for class certification, and supporting memorandum were e-mailed and faxed to Defendants by undersigned counsel. Counsel additionally called Defendants to notify them of the transmission. Physical copies were also sent today via U.S.P.S.

/s/ *Eric A. Foley*
Eric A. Foley

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed using the Court's CM/ECF filing system. Counsel additionally e-mailed, faxed, and sent the pleadings via U.S.P.S.

*/s/ Eric A. Foley*
Eric A. Foley