# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

TAMARA G. NELSON and TIMOTHEA       *       CIVIL ACTION
RICHARDSON, individually and on behalf of   *
all other persons similarly situated        *       NUMBER: 17-cv-14581
                                            *       (Class Action)
    Plaintiffs                      *
                                            *       SECTION
    v.                              *       JUDGE LEMELLE
                                            *
BELINDA C. CONSTANT , in her official       *
capacity as Mayor of the City of Gretna     *
Louisiana RAYMOND A. OSBORN, JR.,           *       DIVISION 4
in his official capacity as Magistrate of the *     MAGISTRATE VAN
Gretna Mayor's Court, OLDEN C. TOUPS, JR.   *       MEERVELD
in his official capacity as Magistrate of the Gretna *
Mayor's Court, WALTER J. LEBLANC, in his    *
official capacity as City Prosecutor for the City *
Gretna, ARTHUR LAWSON, JR., in his official *
capacities as Chief of Police and Marshal, TERRI *
BROSSETTE, in her official capacities as Clerk *
of the Gretna Mayors' Court and Lieutenant  *
of the Gretna Police Department, and the    *
CITY OF GRETNA, LOUISIANA                   *
                                            *
    Defendants                      *
                                            *
*       *       *       *       *       *       *       *       *

### MOTION TO DISMISS, PURSUANT TO FED. R. CIV. PRO. 12(b)(7), (FAILURE TO JOIN) FILED ON BEHALF OF DEFENDANTS ARTHUR LAWSON, JR. AND TERRI BROSSETTE

**NOW INTO COURT** through undersigned counsel come Defendants, Arthur Lawson,

Jr. ("Chief Lawson") and Lieutenant Terri Brossette ("Lt.. Brossette" collectively

"Defendants"), who motion the Court, pursuant to Rule 12)(b)(7) of the Fed. R. Civ. Pro., to

dismiss the claims against them for Violations of Due Process and Equal Protection for their alleged (but denied) improper imposition of fines and fees for violations of the Gretna traffic ordinances, and the alleged (but denied) summary suspension of drivers' licenses for drivers' non-payments of those fines and fees, and with respect alleges the following:

I.

The Class Action Complaint of Plaintiffs, TAMARA G. NELSON and TIMOTHEA RICHARDSON, individually and on behalf of all other persons similarly situated ("Plaintiffs"), alleges, in part, that Chief Lawson and Lt. Brossette are liable, in their official capacities[1], for Violations of Due Process and Equal Protection for Summary Suspension of Drivers' Licenses. [Class Action Complaint, Doc. 1 ¶¶99-103].

II.

Plaintiffs seek, in part, the following relief:

1)    An order enjoining Defendants from suspending driver's licenses for nonpayment of fines and fees in the future and to reinstate all driver's licenses that have been suspended by the Mayor's Court. [Class Action Complaint, Doc. 1, ¶ G].

2).    An order enjoining Defendants from imposing fines, fees, court costs or otherwise from financially profiting from violations of the Gretna Municipal Code within the Mayor's Court. [Class Action Complaint, Doc. 1, ¶ C].

III.

Contrary to Plaintiffs' allegations, it is not Lt. Brossette nor Chief Lawson through

---

[1]    These defendants were sued in their official capacity only.

Gretna's Ordinances and Gretna's Mayor's Court that establish and impose the law providing for the suspension of drivers' licenses for failure to pay fines for traffic violations[2] or other conditions that impose a suspension of a driver's license.

## IV.

Instead, the State of Louisiana, through the Department of Public Safety and Corrections ("DPS")[3] established this under La. R.S. 36: §401(B)(1) who is charged with this authority pursuant to La. R.S. 32: §414, and certain other state laws.

## V.

Additionally, it is not Lt. Brossette through the Clerk of Court for Gretna's Mayor's Court that chooses to send traffic violations to the state. Instead it is the state legislature who empowered the DPS to establish <u>mandatory reporting</u> of certain traffic violations under La. R.S. R.S.32: §393.

## VI.

Accordingly, while the Plaintiffs allege that Lt. Brosette and Chief Lawson are using the Mayor's Court and unconsitutional tactics as a money-making scheme [denied], Defendants are, in fact, properly enforcing laws[4] promulgated by the State of Louisiana

---

[2] While the suspension of driving privileges is limited to the authority of the DPS, there are limited situations where a suspension may be imposed by DPS for failure to pay fines and fees. See discussion set forth in the Memorandum In Support of this Motion, with respect to La. R.S. 32: §411.1(E)(1) and La. Code of Criminal Procedure art. 885.1.

[3] Pursuant to La. R.S.36: §401(B)(1) DPS is charged with the authority generally with the enforcement of laws of the State and highway safety, motor vehicles and drivers...

[4] A public official is charged with the legal duty to enforce the laws of the State of Louisiana and failure to do so may constitute a violation of La. R.S. 14: §134.

through the DPS.

VII.

Thus, the action against Defendants is, or should be, at least in part, an action against the DPS, requiring the DPS be joined as a Defendant herein.

VIII.

The DPS, pursuant to the United States Fifth Circuit Court of Appeals in *Hanna v. LeBlanc,* No. 17-30457, 2017 WL 6349470, at *2 (5th Cir. Dec. 12, 2017)[5] has declared that absent consent, federal courts generally lack jurisdiction to hear lawsuits against a state by that state's own citizens. Additionally, claims brought under 42 U.S.C. § 1983 do not abrogate state sovereign immunity.

**WHEREFORE** as more fully articulated in the attached memorandum in support, Defendants, Arthur Lawson, Jr. and Lieutenant Terri Brossette respectfully request that this Honorable Court dismiss, pursuant to Rule 12(b)(7) of the Red. Rules of Civ. Pro., those claims against them for Violations of Due Process and Equal Protection for the alleged (but denied) improper imposition of fines and fees for violations of the Gretna traffic ordinances, and the alleged (but denied) summary suspension of drivers' licenses for drivers' non-payments of those fines and fees.

---

[5] *Hanna v. LeBlanc,* is not published in West's Federal Reporter. However, Defendants rely on it as precedent pursuant to Rule 32.1(a) of the Fed. Rules of App. Pro. and Us. Ct. App. 5th Cir. Rule 28.7. Also, in accordance with Rule 32.(b) of the Fed. Rules of App. Pro., a copy of the case is attached hereto as Exhibit "A."

Respectfully submitted,

/s/ Leonard L. Levenson

**LEONARD L. LEVENSON, T.A. (#8675)**
**CHRISTIAN W. HELMKE (#29594)**
**DONNA R. BARRIOS (#32093)**
424 Gravier Street, First Floor
New Orleans, LA 70130
Telephone:  (504) 586-0066
Facsimile:   (504) 586-0079
E-mail:        lenlawyer@aol.com
                   cwhelmke@gmail.com
                   dbarrios@bellsouth.net
ATTORNEYS FOR DEFENDANTS,
ARTHUR LAWSON, JR, in his official capacity,
and
TERRI BROSSETTE, in her official capacity

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 13TH  DAY OF MARCH 2018, I ELECTRONICALLY FILED THE FOREGOING PLEADING

WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM WHICH WILL AUTOMATICALLY SERVE NOTICE OF THE

ELECTRONIC FILING TO ALL COUNSEL OF RECORD.  I FURTHER CERTIFY THAT I MAILED THE FOREGOING PLEADING

AND NOTICE OF ELECTRONIC FILING BY U.S. MAILS, FIRST CLASS, POSTAGE PREPAID AND PROPERLY ADDRESSED TO

THE FOLLOWING NON-CM/ECF PARTICIPANTS:  _____N/A_____.

/S/ LEONARD L. LEVENSON