# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMARA G. NELSON and TIMOTHEA RICHARDSON, individually and on behalf of all other persons similarly situated | * * * * | CIVIL ACTION<br><br>NUMBER: 17-cv-14581<br>(Class Action) |
| Plaintiffs | * * | |
| v. | * * | SECTION<br>JUDGE LEMELLE |
| BELINDA C. CONSTANT , in her official capacity as Mayor of the City of Gretna Louisiana RAYMOND A. OSBORN, JR., in his official capacity as Magistrate of the Gretna Mayor's Court, OLDEN C. TOUPS, JR. in his official capacity as Magistrate of the Gretna Mayor's Court, WALTER J. LEBLANC, in his official capacity as City Prosecutor for the City Gretna, ARTHUR LAWSON, JR., in his official capacities as Chief of Police and Marshal, TERRI BROSSETTE, in her official capacities as Clerk of the Gretna Mayors' Court and Lieutenant of the Gretna Police Department, and the CITY OF GRETNA, LOUISIANA | * * * * * * * * * * * * * * * * | DIVISION 4<br>MAGISTRATE VAN MEERVELD |
| Defendants | * * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO LIMIT COMMUNICATIONS WITH POTENTIAL CLASS MEMBERS, FILED ON BEHALF OF DEFENDANTS <u>ARTHUR LAWSON, JR. AND LIEUTENANT TERRI BROSSETTE</u>

**NOW INTO COURT** come Defendants, Arthur Lawson, Jr. ("Chief Lawson") and

Lieutenant Terri Brossette ("Lt.. Brossette" collectively "Defendants"), who respectfully

motion the Court to enter an order limiting communications of Plaintiffs' counsel and/or

Plaintiffs' counsel's agents, with putative class members, and in support avers the following:

I.

Presently, this matter has not been certified by the Court as a class action.

II.

Recently, on April 3, 2018 and May 2, 2018, Defendants' agents and/or employees witnessed occasions of in-person solicitation of potential, putative class members, by an agent of Plaintiffs' counsel.

III.

On April 3, a white female, wearing a red plaid shirt sat in the court room within the City of Gretna's Courthouse. The female identified herself as an "observer," and initially sat in one area of the Court, but then shifted that location to be closer to the defendants, who were appearing in Court to address their traffic offenses.

IV.

This "observer" was seen whispering to defendants, although having no apparent connection to them. Also the defendants and the female did not appear to know each other.

V.

The female was seen with a notebook and stack of what appeared to be business cards. She was then observed passing a card to a defendant. When questioned, the "observer" denied handing out business cards, but shortly after, confessed to handing out one card to a defendant.

VI.

When she provided a card to one of the employees, the card was noted as stating: "Investigative Paralegal." [See Business Card Exhibit "A"].

VII.

On May 2, 2018, the same female was observed directly outside City of Gretna's Court House soliciting persons for Plaintiffs' counsel as they entered and exited the Court House.

VIII.

The United States Supreme Court has recognized for more that thirty (30) years that improper solicitations of putative class members is an abuse of the class action procedure and requires a District Court to enter appropriate orders governing the conduct of counsel and parties. *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100; Fn. 12[1] 101 S. Ct. 2193, 2200, 68 L. Ed. 2d 693 (1981)(finding that District Courts have the duty and broad authority over class actions)(citing *Waldo v. Lakeshore Estates, Inc.*, 433 F.Supp. 782 (E.D.La.1977)).

---

[1] Fn. 12 states, in part, the following:

> The potential abuses associated with communications to class members are described in *Waldo v. Lakeshore Estates, Inc.*, 433 F.Supp. 782 (E.D.La.1977). That court referred, inter alia, to the "heightened susceptibilities of nonparty class members to solicitation amounting to barratry as well as the increased opportunities of the parties or counsel to 'drum up' participation in the proceeding." *Id.*, at 790. The court added that "[u]napproved communications to class members that misrepresent the status or effect of the pending action also have an obvious potential for confusion and/or adversely affecting the administration of justice." *Id.*, at 790–791. See also MANUAL FOR COMPLEX LITIGATION App. § 1.41.

IX.

The limiting of communications within class action matters implicates Rules 23 and 83 of the Federal Rule of Civil Procedure; Local Rule 23.1 of the Untied States District Court for the Eastern District of Louisiana; the First Amendment to the United States Constitution and also the ethical and professional rules governing lawyers' conduct.

X.

Each source of authority implicated in this matter is more fully addressed in the accompanying memorandum in support, wherein Defendants fully demonstrate why and how the Court can enter an order prohibiting the pre-certification, in-person oral solicitation of putative class members by Plaintiffs' counsel and/or Plaintiff's counsel's agent.

**WHEREFORE**   Defendants, Arthur Lawson, Jr. and Lieutenant Terri Brossette, respectfully requests that this Court enter an order prohibiting the in-person solicitation of putative class members by Plaintiffs' counsel and/or any agent of Plaintiffs' counsel.

Respectfully submitted,

*/s/ Leonard L. Levenson*
**LEONARD L. LEVENSON, T.A. (#8675)**
**CHRISTIAN W. HELMKE (#29594)**
**DONNA R. BARRIOS (#32093)**
424 Gravier Street, First Floor
New Orleans, LA 70130
Telephone:  (504) 586-0066
Facsimile:   (504) 586-0079
E-mail:        lenlawyer@aol.com
                    cwhelmke@gmail.com
                    dbarrios@bellsouth.net

-and-

**Colvin Law Firm**
*(A Professional Law Corporation)*

_____
**MARK C. MORGAN, Of Counsel, Bar # 24175,
Gretna City Attorney**
**JEFFERY P. BROTHERS, Bar # 22279**
**DAVID L. COLVIN, Bar # 4353**
**TRAVIS J. CAUSEY, JR. Bar # 16853**
**SHELLY R. HALE, Bar # 34578**
230 Huey P. Long Avenue
Gretna, Louisiana 70053
Telephone: (504) 367-9001
Facsimile: (504) 367-0650

ATTORNEYS FOR DEFENDANTS,
ARTHUR LAWSON, JR, in his official capacity,
and
TERRI BROSSETTE, in her official capacity

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS 16TH DAY OF MAY 2018, I ELECTRONICALLY FILED THE FOREGOING PLEADING WITH THE CLERK OF COURT USING THE CM/ECF SYSTEM WHICH WILL AUTOMATICALLY SERVE NOTICE OF THE ELECTRONIC FILING TO ALL COUNSEL OF RECORD. I FURTHER CERTIFY THAT I MAILED THE FOREGOING PLEADING AND NOTICE OF ELECTRONIC FILING BY U.S. MAILS, FIRST CLASS, POSTAGE PREPAID AND PROPERLY ADDRESSED TO THE FOLLOWING NON-CM/ECF PARTICIPANTS:       N/A         .

/S/ LEONARD L. LEVENSON