UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMARA G NELSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED; ET AL.; | 17-CV-14581 |
| Plaintiffs, | JUDGE IVAN L.R. LEMELLE |
| VERSUS | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| WALTER J LEBLANC, IN HIS OFFICIAL CAPACITY AS CITY PROSECUTOR FOR THE CITY OF GRETNA; ET AL. | |
| Defendants. | |

## **ORDER AND REASONS**

Before the court is Plaintiffs' Motion to Fix Fee for Deposition of Defendants' Expert Witness. (Rec. Doc. 92). For the following reasons, the Motion is GRANTED in part and DENIED in part. Oral argument set for May 1, 2019, is cancelled.

Background

Plaintiffs in this lawsuit challenge the operation of the Mayor's Court of the City of Gretna, Louisiana. They assert that the prosecutors and magistrates of the Mayor's Court are appointed by the Gretna City Council and serve at the pleasure of the Gretna Mayor. They allege that these officials are incentivized to maximize arrests and multiply prosecutions to generate fines and fees that fund the City of Gretna. They allege that in the 2014-2015 fiscal year, fees and fines from the Mayor's Court accounted for over 13.5% of the total revenue in Gretna's General Fund. Plaintiffs complain that a disproportionate number of those arrested are African American citizens of Gretna. Plaintiffs further challenge the Deferred Prosecution Program operated by the Defendants, which offers arrestees accused a violating a municipal ordinance the opportunity to have their charges

1

dismissed in exchange for an agreement to pay a fine that is typically less than the fine upon a finding of guilt. But there is no Deferred Prosecution Program for those who cannot afford to pay the Program's fees. The named Plaintiffs are participants in the Mayor's Court and seek to represent themselves and others similarly situated in asserting a due process challenge to the alleged financial conflict of interest in the Mayor's Court, an equal protection and due process challenge to the Deferred Prosecution Program, and an equal protection and due process challenge to the summary suspension of drivers' licenses. Trial is set to begin on June 3, 2019. The discovery deadline passed on April 16, 2019.

The present motion concerns the fee of defendants' expert witness Harold Asher. Mr. Asher is a certified public accountant ("CPA") who was retained to provide an expert opinion and financial analysis of the City of Gretna's budgeting, which Defendants have submitted in opposition to Plaintiffs' Motion for Summary Judgment. The report consists of two pages detailing Mr. Asher's assumptions, materials reviewed, and conclusions; six pages listing cases where Mr. Asher has previously testified; a signature page listing exhibits; a one-page exhibit of financial data analysis; and the curriculum vitae of Mr. Asher and his partner Jeffrey Meyers. The report is dated March 18, 2019. Plaintiffs noticed the deposition of Mr. Asher, but the deposition has been unable to proceed because Plaintiffs have refused to pay Mr. Asher's stated fee of $930 for the first hour of deposition and $465 for each additional hour or part thereof, and Mr. Asher has refused to appear without a guarantee that he will be compensated at his preferred rate.

<u>Law and Analysis</u>

1. *Standard for Award of Expert Fees*

Under Federal Rule of Civil Procedure 26(b)(4)(A), a party may depose any person who has been identified as an expert who may testify at trial. The rules require that, unless manifest

injustice would result, a party seeking a discovery from the expert must "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. Proc. 26(b)(4)(E). In determining whether a fee is reasonable,

> courts consider seven criteria: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interest implicated by Rule 26.

Borel v. Chevron U.S.A. Inc., 265 F.R.D. 275, 276 (E.D. La. 2010). "'Ultimately,' however, 'it is in the court's discretion to set an amount that it deems reasonable.'" Id. (quoting Fisher-Price, Inc. v. Safety 1st, Inc., 217 F.R.D. 329, 333 (D. Del. 2003)). For example, in Borel, the court reduced the fee of plaintiff's expert safety witness in a personal injury case from $500 per hour to $210 per hour where the expert had 40 years of experience in the oilfield safety industry and no college education, where others in the field charged $230 per hour to $325 per hour for depositions, and where other courts had severely limited and even excluded his testimony. Id. at 276-77.

The parties have not cited any cases within this district addressing the fee of a CPA or forensic accountant under Rule 26(b)(4)(A). The court has not found any. The bankruptcy court in this district considered the fee charged by a CPA who testified at trial regarding standard accounting procedures utilized when representing an entertainment artist. In re Porter, No. 10-13553, 2014 WL 585962, at *9 (Bankr. E.D. La. Feb. 14, 2014). The court found the stated fee of $5,000 for review of materials and preparation of the report to be reasonable but rejected the hourly rate of $500 for depositions and trial appearances. Id. The court took "judicial notice of the fact that the upper limit rate for services of a CPA in this district is $300 per hour" and reduced the rate to this amount. In re Porter, No. 10-13553, 2014 WL 585962, at *9 (Bankr. E.D. La. Feb. 14,

2014). Of note, however, the bankruptcy court was not applying Rule 26 and did not consider the Borel factors.

As to compensation for preparation time, most courts hold that experts are also entitled to payment for the reasonable time spent preparing for the deposition. See id. at 277 (listing cases). A court in the Northern District of Illinois concluded that "[t]ime spent preparing for a deposition is, literally speaking, time spent in responding to discovery" and is therefore compensable under the rule. Collins v. Vill. of Woodridge, 197 F.R.D. 354, 357 (N.D. Ill. 1999). In Borel, for example, the court found the expert safety witness should be compensated for preparation time but reduced the time from the three hours claimed to one-and-a-half hours, finding it difficult to believe that the expert spent three hours to prepare for a three-hour deposition. 265 F.R.D. at 278.

2. *Parties' Arguments*

Plaintiffs argue that Mr. Asher's $930 hourly rate is not reasonable under the Borel factors. Mr. Asher's area of expertise is accounting. Plaintiffs submit that Mr. Asher has calculated the net revenue of the Mayor's Court by subtracting the court's total annual expenses from the total annual revenue it generates. They say these are relatively simple calculations that do not warrant a fee of $930 per hour. They cite Payne v. Brayton, where the court found a vocational rehabilitation expert's $6,825 in fees for deposition preparation unreasonable where the witness was not a medical doctor or Ph.D., "the subject matter of the testimony was not particularly complex," and there was no evidence of the level of education necessary for the testimony, rates of other experts, quality of the discovery responses, or the typical fee charged by the expert. No. 4:15-CV-00809, 2017 WL 434312, at *2 (E.D. Tex. Feb. 1, 2017). They also cite Profile Products LLC v. Soil Management Technologies., Inc., where the court reduced the forensic accountant's hourly fee from $475 per hour to $250 hour, held that the time spent by the expert's associate was not

4

compensable, and held that the expert was entitled to be compensated for preparation time, but reducing that time to two hours because "it is impossible to believe that [the] simple damages computation in an ordinary contract case requires anything like the amount of preparation time that [the expert] claims." 155 F. Supp. 2d 880, 887 (N.D. Ill. 2001).

Plaintiffs argue that the prevailing rate for local experts is substantially less than $930 per hour. They point out that Mr. Asher's partner and co-author of the report, Jeffrey Meyers, charges a general hourly rate of $315, while charging $630 for the first hour of any deposition. They have attached the declaration of a legal extern who contacted two local CPA firms. Susan Kliebert, a CPA and certified forensic accountant with Kushner LaGrazie, CPA, informed the extern that her firm charges a deposition fee of $195 to $325 per hour. J.C. Tuthill, a CPA and certified forensic accountant at Legier and Company informed the extern that her firm charges the same hourly rate for depositions as they do for other services, with those rates ranging from $100 to $495 per hour. Tuthill informed the extern that forensic accountants who testify at depositions typically charge around $200 per hour.

Defendants oppose, arguing that Mr. Asher's fee is reasonable. They point out that Mr. Asher's deposition rate of $930 for the first hour includes one hour of preparation time and one of hour of deposition time at his usual hourly rate of $465. They say that Mr. Asher's expertise goes beyond that of an ordinary accountant. They cite his curriculum vitae, which reflects his experience in the field since 1976, his education (including a Masters in Business Administration with a concentration in accounting and finance), and his certifications (including being an Accredited Business Valuator, a Certified Valuation Analyst, a Certified Fraud Examiner, a Forensic CPA, and having a Certification in Financial Forensics). They submit letters from two experts described as "comparably respected." Kenneth Boudreaux, PhD, is a consulting economist who indicates

that his fee for depositions is $1,250 for preparation and the first hour of deposition, with his regular rate applying thereafter if the deposition occurs at his office. The letter adds that "[o]therwise, I bill depositions the same as any other consulting time ($585.00 per hour), with a $1,250.00 minimum." They also cite to the rates of Dan M. Cliffe, a CPA who charges $385 per hour for professional services and $1,375 for a "typical deposition of up to two hours." Defendants argue that the rates of other CPAs that were submitted by the Plaintiffs should be rejected because the declaration does not provide sufficient information about the expertise and qualifications of the individuals charging the cited fees.

Defendants argue that the nature, quality, and complexity of the deposition testimony to be provided supports his requested fee. They submit that because of Mr. Asher's high qualifications, the quality and complexity of his deposition testimony will be strong. They cite <u>Smithson v. Northshore Regional Medical Center, Inc.</u>, where Magistrate Judge Roby noted that although the parties had not addressed the nature, quality, and complexity of the discovery response to be provided by the plaintiff's expert, the plaintiff had emphasized the experts qualifications in emergency medicine and knowledge of the Emergency Medical Treatment and Active Labor Act, "and thus, presumably, the quality and complexity of his deposition testimony would be strong." No. CV 07-03953, 2008 WL 11353762, at *3 (E.D. La. July 30, 2008).

Defendants submit that Mr. Asher's report references his standard hourly rate of $465, which they note is the same rate Mr. Asher has charged them. They add that Mr. Asher's deposition fee is the same as he charges in every case. They underscore that the rate for the first hour includes one hour of preparation at his standard hourly rate. They argue that in this case, compensation for one hour of preparation time is reasonable.

*3. Analysis*

Although plaintiffs have framed Mr. Asher's hourly deposition rate as $930, because Mr. Asher's rate for the first hour of deposition includes one hour of preparation time, it is more appropriate to consider first whether his hourly rate of $465 is reasonable and then whether he is entitled to be compensated for one hour of preparation time. The court now turns to the factors laid out in Borel. Mr. Asher's area of expertise is accounting, and he has been certified as a CPA since 1976. He has an MBA and has been certified as a forensic CPA since March 2006. In this case, he has provided an expert opinion on the percentage of Gretna's general fund revenues that are made up of Mayor's Court fines and that are made up of the Mayor Court's operations. While Defendants have not explained why Mr. Asher's level of education, certification, and experience is necessary for the type of financial analysis and performed in this case, there seems to be no dispute that a CPA and forensic accountant is the type of expert appropriate to provide the opinions in Mr. Asher's report.

With regard to prevailing rates of other comparably respected experts in this community, the information presented by the parties indicates that $465 per hour is on the high end of the spectrum. The information presented by the plaintiffs indicates an hourly rate for other CPAs of $100-495 per hour. Mr. Asher's partner, Mr. Meyer, charges a rate of $315 per hour, although he is not a CPA. He graduated with a Bachelor of Science in Mathematics in 2003 and Master of Science in Mathematics in 2004. The letters provided by the defendants indicate an hourly fee of $585 for Mr. Boudreaux, an economic consultant with a PhD, and a rate of $385[1] for Mr. Cliffe, a certified CPA from 1981-2015 with an MBA. The credentials of Mr. Cliffe, the CPA who has practiced in that field since 1981, are more comparable to those of Mr. Asher than those of Mr.

---

[1] Mr. Cliffe's deposition rate of $1325 for a two-hour deposition indicates compensation for more than an hour of preparation time.

Boudreaux, a PhD who describes his work as lost earnings valuations and life care plans. The court also takes note of the bankruptcy court's observation in 2014 that $300 per hour is the upper limit for CPA services in this district. See In re Porter, 2014 WL 585962, at *9.

Defendants have confirmed that Mr. Asher is charging them the same $465 hourly rate that he proposes for his deposition testimony. They represent that $465 is Mr. Asher's standard fee. The Federal Rules of Civil Procedure entitle Mr. Asher to a reasonable fee. Although his rate of $465 per hour is at the high end, it falls within the range of rates in the community. It is his standard rate, and it is the rate that Defendants are paying. He has strong qualifications as a CPA, and although his analysis may not have been complex, his credentials are valuable because they should support efficient, high quality work. Accordingly, the court finds that the rate is reasonable under the circumstances.

Next the court considers whether Mr. Asher should be compensated for one hour of preparation time. As noted, his standard deposition rate of $930 for the first hour includes one hour of preparation time and one hour of deposition time at his standard rate. Like the court in Borel, the court finds that Mr. Asher is entitled to compensation for preparation time because Rule 26 requires the expert be paid a reasonable fee for time spent responding to the discovery and both time for preparation and the time spent testifying qualify as the time spent by the expert in responding to the request for a deposition. Further, the court finds that one hour is a reasonable amount of preparation time under the circumstances.

Accordingly, plaintiffs shall pay Mr. Asher for one hour of preparation time and one hour of deposition time at the rate of $465 per hour. Plaintiffs shall also be required to pay Mr. Asher for any time in excess of one hour of deposition testimony at the rate of $465 per hour, but this

time shall be calculated in quarter-hour increments (i.e., $116.25 for each 15 minutes of additional testimony).

## Conclusion

For the foregoing reasons, the Motion to Fix Deposition Fee is GRANTED in part and DENIED in part as provided herein. Oral argument set for May 1, 2019, is cancelled.

New Orleans, Louisiana, this 30th day of April, 2019.

_____
Janis van Meerveld
United States Magistrate Judge