UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMARA G. NELSON, ET AL., *Plaintiffs* | * * * | CIVIL ACTION NO.  17-14581 |
| VERSUS | * * | DIVISION: 1 |
| BELINDA C. CONSTANT, ET AL. *Defendants* | * * * * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

ORDER

Before the Court is the Motion for Summary Judgment filed by Arthur Lawson and Terri Brossette seeking dismissal of plaintiffs' official capacity claims against them, with prejudice, and at plaintiffs' costs. (Rec. Doc. 78). In their opposition memorandum, plaintiffs concede that their official capacity claims against Lawson and Brossette are duplicative of their claims against the City of Gretna and that controlling Fifth Circuit precedent dictates dismissal of such official capacity claims when there are no individual capacity claims. However, plaintiffs oppose the dismissal being with prejudice and they oppose the taxing of costs against them.

In Romero v. Becken, the Fifth Circuit held that the district court properly dismissed claims against certain municipal officers in their official capacities "as these allegations duplicate claims against the respective governmental entities themselves." 256 F.3d 349, 355 (5th Cir. 2001). The court of appeals did not address whether the dismissal was with or without prejudice or whether costs were taxed against the plaintiff. The case was on appeal from the Western District of Texas where the district court dismissed plaintiff's official capacity claims against the municipal officers with prejudice. Romero v. Universal City, Tx., No. 5:99-cv-1028, Rec. Doc. 107 (W.D. Tex. June

8, 2000). In the same order, the court dismissed all of plaintiff's claims, for various reasons. The court ordered the plaintiff to pay the costs of all parties.

The plaintiffs here have presented no reason why a dismissal with prejudice would be inappropriate in this case. They have conceded that their official capacity claims against Lawson and Brossette are duplicative of their claims against the City of Gretna. It is unclear why they should be allowed to keep open the possibility of filing a new lawsuit against Lawson and Brosette in their official capacities as to the claims raised in this lawsuit at some future time. Under Federal Rule of Civil Procedure 54(d) "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A plaintiff's good faith in filing the claim is not sufficient to justify the denial of costs to the prevailing party. <u>Pacheco v. Mineta</u>, 448 F.3d 783, 795 (5th Cir. 2006). Plaintiffs have advanced no reason why costs should not be taxed against them. Therefore, plaintiffs shall pay the costs of Lawson and Brossette. However, as the present order is not a final judgment, costs will not be awarded at this time. Lawson and Brossette may move for costs at the termination of this litigation.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment filed by Arthur Lawson and Terri Brossette seeking dismissal of plaintiffs' official capacity claims against them (Rec. Doc. 78) is GRANTED; plaintiffs' official capacity claims against Lawson and Brossette are hereby dismissed with prejudice, at plaintiffs' cost.

New Orleans, Louisiana, this 22nd day of May, 2019.

_____
Janis van Meerveld
United States Magistrate Judge