UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMARA G. NELSON, ET AL., | * | CIVIL ACTION |
| *Plaintiffs* | * | NO. 17-14581 |
| | * | |
| VERSUS | * | DIVISION: 1 |
| | * | |
| BELINDA C. CONSTANT, ET AL. | * | MAGISTRATE JUDGE |
| *Defendants* | * | JANIS VAN MEERVELD |
| | * | |
| | * | |

## ORDER AND REASONS

Before the Court is the plaintiffs Motion for Attorneys' Fees, Costs, and Expenses. (Rec. Doc. 156). For the following reasons, the Motion is GRANTED. Plaintiffs are hereby awarded $96,478.21 in attorneys' fees and $10,089 in costs.

## Background

Plaintiffs filed this lawsuit on December 5, 2017, to correct what they describe as egregious Due Process and Equal Protection violations occurring at the Mayor's Court of the City of Gretna. The Original Complaint advanced three causes of action:

**Count 1:** A Due Process challenge to the alleged financial conflict of interest in the Mayor's Court based on the theory that the Mayor, the police department, the city prosecutor, and the magistrate judges of the Mayor's Court are incentivized to maximize the fee and fine income generated through Mayor's Court prosecutions.

**Count 2:** An Equal Protection and Due Process challenge to Gretna's Deferred Prosecution Program based on the theory that Mayor's Court defendants without the ability to pay the program fee are excluded from participation.

1

**Count 3:** A Due Process and Equal Protection challenge to the alleged summary suspension of driver's licenses without a hearing when those defendants are unable to pay fees and fines assessed in Mayor's Court proceedings.

In May 2018, plaintiffs sought leave to file an amended complaint that dropped Count 3. Plaintiffs explained that they had obtained information from the Office of Motor Vehicles in response to their subpoena that resulted in the decision not to pursue Count 3. The amended complaint was entered into the record on June 7, 2018. After supplemental briefing was ordered by the court, plaintiffs' original motion to certify the class was denied without prejudice in September 2018. The parties began discussing settlement in October 2018 and agreed that only Count 2 could be settled. Nonetheless, plaintiffs proceeded to conduct discovery with regard to Count 2. Defendants moved for summary judgment on both Counts 1 and 2 in March 2019. Thereafter, but before a ruling by the District Court, the parties consented to proceed before the undersigned Magistrate Judge. Trial was set to begin on March 23, 2020. On February 20, 2020, the Court denied plaintiffs' motion for partial summary judgment on Count 1, granted the defendants' motion for summary judgment as to Count 1, and denied the defendants' motion for summary judgment as to their immunities' arguments.

At a telephone conference with the Court on February 28, 2020, the parties discussed the status of settlement of Count 2. The Court continued the March 23, 2020, trial in light of the parties' representations that only one issue remained and that they expected to negotiate a resolution. The parties came to an agreement and on May 14, 2020, plaintiff Timothea Richardson filed a Motion to Certify a Settlement Class and a Motion for Preliminary Approval of Class Settlement. The settlement agreement includes refunds and credits to a small number of Deferred Prosecution Program participants. The primary relief is injunctive and comes in the form of

changes to the Deferred Action Program to provide alternatives for people who cannot afford the program's fee.[1] Following a status conference with the court, follow up discussions via email, and supplemental filings by the plaintiff,  the Court issued an Order and Reasons granting the motions on September 3, 2020.

On September 5, 2020, plaintiff filed the present Motion for Attorneys' Fees seeking an award of $143,665 in attorneys' fees and $10,089 in costs. Defendants oppose, arguing that the requested billing rate for one of plaintiffs' attorneys is too high given his experience. They also argue that some of the billing entries improperly include clerical work, block billing, travel, work on unsuccessful issues and claims, duplicative work, and vaguely described work, and that these entries should be stricken or reduced. Plaintiffs have filed a reply memorandum in support of their motion, arguing that the requested billing rates are appropriate. Meanwhile, on December 4, 2020, the court held a Fairness Hearing and on December 18, 2020, issued an Order and Reasons approving the settlement agreement as fair, reasonable, and adequate.

The court now turns to the plaintiffs' Motion for Attorneys' Fees and Costs.

<u>Law and Analysis</u>

1. *Entitlement to Fees*

Pursuant to 42 U.S.C. §1988, the court may "award a reasonable attorney's fee to prevailing parties in civil rights litigation." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983). Citing the legislative history, the United States Supreme Court has recognized that the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." <u>Id.</u> (quoting S. Rep. No. 94–1011, at 4 (1976)). "Because Congress believed that the incentive of attorney's fees was critical to the enforcement of the civil rights laws, section 1988

---

[1] For a full description of the contents of the settlement agreement, see the Court's Order and Reasons approving it. Rec. Doc. 167.

requires *an extremely strong showing of special circumstances* to justify a denial of fees." Houston Chronicle Pub. Co. v. City of League City, Tex., 488 F.3d 613, 623 (5th Cir. 2007) (emphasis in original) (quoting Kirchberg v. Feenstra, 708 F.2d 991, 998 (5th Cir. 1983)).

A plaintiff is the prevailing party "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Lefemine v. Wideman, 568 U.S. 1, 4 (2012). "The fact that [a plaintiff] prevailed through a settlement rather than through litigation does not weaken her claim to fees." Maher v. Gagne, 448 U.S. 122, 129 (1980).

Here, there is no dispute that plaintiffs are prevailing parties as to Count 2 as a result of the concessions they garnered in the settlement agreement. There are no special circumstances justifying a total denial of fees. Accordingly, the court finds that an award of attorneys' fees is appropriate under §1988.

2. *Calculation of a Reasonable Fee Award*

a. *Legal Standard*

"To determine the award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). The party requesting fees bears the burden of proving that the rates charged and hours expended are reasonable. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).

In analyzing the reasonableness of the hours worked and hourly rate requested, the Court considers the factors announced in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974). <u>Watkins</u>, 7 F.3d at 457.

The <u>Johnson</u> factors are:

1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

<u>Matter of Fender</u>, 12 F.3d 480, 487 (5th Cir. 1994). If the <u>Johnson</u> factors warrant, the lodestar may be adjusted upward or downward. <u>Watkins</u>, 7 F.3d at 457. "The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases." <u>Id.</u>

In the context of a §1988 award where the plaintiff has obtained partial relief, the Supreme Court has explained that the factor of "results obtained" is crucial. <u>Hensley</u>, 461 U.S. at 434.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

<u>Id.</u> at 435–36 (internal citation and footnote omitted).

b. *Billing Rates of Plaintiffs' Attorneys and Paralegal*

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" McClain v. Lufkin Indus., Inc., 649 F.3d 374, 381 (5th Cir. 2011) (quoting Blum v. Stenson, 465 U.S. 886, 895–96 (1984)). "[T]he burden is on the applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. (quoting Blum, 465 U.S. at 896 n.11). When the attorney's customary billing rate is within the range of prevailing market rates and is "not contested, it is *prima facie* reasonable." Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995). Prevailing market rates in this community generally range from $200 to $400 per hour depending on the attorney's level of experience. See Unum Ins. Co. of Am. v. Belmon-Williams, No. CV 18-6621, 2019 WL 4396817, at *2 (E.D. La. July 9, 2019), report and recommendation adopted, No. CV 18-6621, 2019 WL 4393120 (E.D. La. Sept. 13, 2019) (finding $220 per hour to be a reasonable rate for an attorney with twenty years of experience); Cuevas v. Crosby Dredging, LLC, No. CV 18-9405, 2019 WL 2410936, at *3 (E.D. La. June 7, 2019) (finding a rate of $195 per hour reasonable for an attorney with seven years of experience); Hubert v. Curren, No. CV 18-7669, 2018 WL 4963595, at *4 (E.D. La. Oct. 15, 2018) (assigning an hourly rate of $300 as reasonable for an attorney with 17 years of experience where $400 per hour had been requested); Norris v. Causey, No. CV 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding rates of $250, $200, and $150 were reasonable for attorneys with 31, 12 and 8 years respectively); Jefferson v. Baywater Drilling, LLC, No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming magistrate judge's report and recommendation, finding that rates of $500 and $450 per hour were reasonable for two attorneys with 40 years of experience in maritime litigation and that

$240 per hour was reasonable for an attorney with seven years' experience in maritime litigation); Adams v. City of New Orleans, No. CIV.A. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015) (finding a rate of $350 per hour reasonable for an attorney with 29 years of experience); Receivables Exch., LLC v. Advanced Tech. Servs., Inc., No. CIV.A. 14-668, 2015 WL 2372434, at *5 (E.D. La. May 18, 2015) (finding a rate of $240 reasonable for an attorney with 23 years of experience in commercial litigation).

When focusing on civil rights litigation, court approved billing rates in this district are similar to those in the litigation cited above. For example, in Bode v. Kenner City, the plaintiffs won their First Amendment challenge to the city's charter amendment on summary judgment. No. CV 17-5483, 2018 WL 4701541, at *1 (E.D. La. Oct. 1, 2018). In awarding attorneys' fees, the court adjusted the requested rates downward and approved a rate of $275 for an attorney with eight years of experience, including "significant experience in First Amendment law," and a rate of $225 for an attorney with three years of experience as an attorney mostly in the area of taxation. Id. at *6. In awarding fees in a Freedom of Information Act case, the court in Hernandez v. U.S. Customs & Border Protection Agency, adjusted the requested rates downward and approved a rate of $300 per hour for an attorney with 8 years of experience and $180 per hour for an attorney with two years of experience. No. CIV.A. 10-4602, 2012 WL 398328, at *16 (E.D. La. Feb. 7, 2012). The eight year attorney was serving as Legal Director of the New Orleans Workers' Center for Racial Justice; she specialized in civil rights, employment, and employment litigation; she had served as a district court law clerk after graduating from Harvard Law School; she had worked for three years at the Southern Poverty Law Center; and had served for two years as a Skadden Fellow and staff attorney at South Migrant Legal Services in Texas. Id.; see Smith v. Bd. of Commissioners of Louisiana Stadium & Exposition Dist., No. CV 17-7267, 2019 WL 7580771, at *5–6 (E.D. La.

Sept. 5, 2019), report and recommendation adopted, No. CV 17-7267, 2019 WL 7580772 (E.D. La. Oct. 1, 2019) (approving hourly rates of $285 for a 16 year attorney and $200 per hour for a six year attorney, both with experience in the same kind of disability discrimination lawsuits as the one in which fees were being awarded); Hobson v. Abe Dev. LLC, No. CV 15-1480, 2016 WL 4592170, at *2 (E.D. La. Sept. 2, 2016) (awarding attorneys' fees in a housing discrimination case and approving hourly rates $250 and $275 for attorneys with ten years of experience).

Here, plaintiffs request a rate of $400 per hour for attorney Jim Craig, who has over thirty years of experience in complex civil rights litigation. He has been the Director of the Roderick and Solange MacArthur Justice Center since 2013 ("MacArthur Justice Center"). Plaintiffs include the declaration of Mary Howell, an attorney who has been practicing civil rights law in New Orleans since 1977. She believes that $400 is a reasonable hourly rate for an attorney with Mr. Craig's experience in the New Orleans market. Defendants do not contest Mr. Craig's rate. The court finds that this rate is within the range of local market rates and approves the hourly rate of $400 for Mr. Craig.

Plaintiffs also request a rate of $275 per hour for Eric Foley, an attorney who has been practicing law for 11 years. Following a clerkship with a federal judge in Puerto Rico, Mr. Foley worked in the New Orleans Office of Southeast Louisiana Legal Services ("SLLS") where he represented clients in eviction and administrative proceedings and also handled Social Security claims. In 2015, he joined the MacArthur Justice Center and has, since that time, represented individual plaintiffs and served as class counsel in multiple civil rights cases federal court in Louisiana. Plaintiffs include the declaration of Ronald Lospennato, an attorney practicing civil rights and disability rights law since 1978 who has served as co-counsel with Mr. Foley on two civil rights cases. In one, he says that the attorneys fee award included an hourly rate of $240 for

Mr. Foley. See Cooper v. Gee, Civ. A. No. 14-507 (M.D. La.). Mr. Lospennato declares that that a rate of $275 per hour is in accordance with prevailing market rates in New Orleans for similar services by attorneys of reasonably comparable skills, experience, and reputation to Mr. Foley.

Defendants oppose awarding a rate of $275 for Mr. Foley's work. They point out that at the time this suit was filed in 2017, Mr. Foley had only been engaged in civil rights litigation for about two years. They have reviewed the cases where Mr. Foley has been counsel of record and conclude that he became involved with six cases about two years before this lawsuit and nine additional cases in the year before this lawsuit. They submit that his experience with SLLS and serving as a law clerk does not appear to include extensive litigation or any civil rights or class action experience. They say he should be considered an attorney with two years of experience and that he should be awarded an hourly rate of $150.

In reply, plaintiffs argue that a rate of $275 is appropriate for Mr. Foley. They argue that Mr. Foley cannot disclose the details of his work for Judge Flusté. However, they point out that civil rights claims accounted for 20% of all claims filed in the District of Puerto Rico in 2010. They also argue that Mr. Foley's experience at SLLS is valuable because he honed his craft as a litigator through multiple court appearance in eviction and Social Security proceedings. They point out that eviction defenses may rely on provisions of the Fair Housing Act or the Americans with Disabilities Act and that Social Security work entails review of voluminous medical records and examination of expert witnesses at evidentiary hearings. They add that new attorneys working at civil legal aid organizations take on responsibility early. Mr. Foley was "first chair" in nearly all of his cases after a brief weeks long training period. They add that Mr. Foley's work for SLLS clients give him important perspective on the ways fines and fees disproportionately impact people facing economic hardship.

The court finds the requested rate of $275 for Mr. Foley is reasonable. It is within the range of fees awarded in this district for an attorney with 8 to 11 years of experience for the time period of representation. It is supported by the declaration of an experienced local civil rights attorney. While sometimes the specific area of an attorney's expertise bears on the rate an attorney can command, the Court agrees with plaintiffs that Mr. Foley's work at SLLS gave him valuable experience in the practice of law that does not become irrelevant because it was not the exact same type of litigation as the present. From the court's perspective, Mr. Foley handled all major matters for the plaintiffs in this litigation, taking the lead at oral argument on the motion for summary judgment, at the fairness hearing, and at numerous status and other conferences with the court. Mr. Foley's work on this case cannot be characterized as the work of a junior associate with only a year or two of experience. The court awards the requested rate as a reasonable hourly rate for an attorney with Mr. Foley's experience, credentials, and skill.

Plaintiffs also request a rate of $95 per hour be paid for the work of M. Rose Falvey, an investigative paralegal. They attach the declaration of Mr. Foley who declares that this rate reflects the market rate for paralegals and investigators in New Orleans. Defendants do not contest the rate of $95 per hour. The court finds this rate to be reasonable. See United States ex rel McNeil v. Jolly, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding $125 per hour for the work of a paralegal); Mark v. Sunshine Plaza, Inc., No. CV 16-455, 2018 WL 1282414, at *4 (E.D. La. Mar. 12, 2018), report and recommendation adopted, No. CV 16-455, 2018 WL 1960022 (E.D. La. Apr. 26, 2018), appeal dismissed, No. 18-30674, 2018 WL 6200317 (5th Cir. July 27, 2018) (awarding the requested $75 per hour for the work of a paralegal); Loiacano v. DISA Glob. Sols., No. CV 14-1750, 2016 WL 2926679, at *1 (E.D. La. May 19, 2016) (awarding the requested rate of $150 per hour for a paralegal where it was uncontested); DirecTV, LLC v. Ertem, No. CIV.A. 13-487,

2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding a rate of $95 per hour for paralegals to be reasonable).

    *c.   Hours Worked by Plaintiffs' Attorneys*

       Plaintiffs have submitted itemized records of time spent by Mr. Foley, Mr. Craig, and Ms. Falvey on this matter. They say they have excluded all time entries that were related to work solely on Count 1 or Count 3. They note that additional attorneys worked on the case but they have not sought compensation for their hours. For example, they say that because of the stage of litigation when Elizabeth Cumming joined as counsel of record, the majority of her time was spent on Count 1 although some of that work would necessarily have been related to Count 2 in preparations for trial. But, plaintiffs are not seeking compensation for Ms. Cumming's time. They say they are also not seeking to recover for time spent on paralegal tasks by previous staff members. Finally, acknowledging the difficulty in separating time spent on Count 1 and Count 2 in many tasks prior to Count 1's dismissal, plaintiffs have reduced their hours prior to the dismissal of Count 1 by one-third.

       Defendants challenge the hours worked by plaintiffs' attorneys and paralegal on numerous grounds. First, they argue that reduction of time worked by one-third to account for the loss of Count 1 is insufficient because, they insist, Count 1 was the gravamen of plaintiffs' lawsuit. Defendants insist that Count 2 was easily disposed of with minimal effort by plaintiffs' counsel. They submit that after defendants offered to discuss settlement and resolution of Count 2 as early as June 2018, the majority of work with respect to Count 2 was dedicated to settlement negotiations and finalizing acceptable language. They further argue that Count 3 was never a viable claim and that plaintiffs should not be allowed to recover for any time related to it.

Defendants have also gone through the itemized records and addressed, line by line, certain issues they say should result in the time entries being stricken or reduced. The identified issues are as follows: vague or insufficient entries, excessive/duplicative/futile, travel, unsuccessful or never pursued issue, non-legal work, and block billing.

In reply, plaintiffs argue that they exercised billing judgment by reducing the time prior to dismissal of Count 1 by one-third. They submit they have already eliminated all entries that arguably pertained only to Count 1, for example, for the deposition of the Magistrates or the City's Director of Finance. They also request the opportunity to further address defendants' line by line attack on their attorneys' time entries, pointing out that while the defendants had two-and-a-half months to oppose their motion, they only had one week, including the Thanksgiving holiday, to prepare their reply.

As an initial matter, the court notes that plaintiffs appropriately excluded time related to Count 1 and Count 3 from their fee request. They were not successful on these claims and they are not entitled to fees for work related to these claims. Further, to the extent the time for which they seek to recover relates to both Count 2 and one or more of the unsuccessful claims, plaintiffs' reduction by one-third is not properly categorized as billing judgment. Instead, they are excluding time for which they are not entitled to recover an attorney's fee. Here, an example of billing judgment would be if plaintiffs' counsel spent 5 hours on a task, but reduced the time for which they request compensation to 3 hours in recognition that 5 hours was an excessive amount of time to spend on the task. The proposed reduction by one-third for billing entries prior to dismissal of Count 1 is not a reflection of that time being excessive. It reflects counsel's estimate that one-third of the time recorded is not recoverable because it did not pertain to Count 2. The reason they have used an estimate is, apparently, because time entries like drafting initial disclosures, a Rule 16

telephone conference with the Court, client meetings and interviews, and drafting the amended complaint concerned all live claims and cannot easily be segregated to one claim or the other.

Upon review of the time entries and in light of the court's familiarity with the dispute, the court agrees with the defendants that plaintiffs' estimate unfairly weighs Count 2 as accounting for two-thirds of the time entries prior to the dismissal of Count 1. As noted above, many of the time entries are for shared work. But some entries seem more clearly related to one count or the other. For example, review of mayor's court's budgets is clearly related to Count 1, while drafting letter re: deferred prosecution alternatives seems clearly related to Count 2. Count 3 was dropped voluntarily in May 2018, so after that time there were only two live claims. And once settlement discussions regarding Count 2 began in earnest, it was clear to the Court that the focus of plaintiffs' discovery related work was Count 1.

The court acknowledges that most exclusively Count 1 or Count 3 time entries have already been stricken from the claimed time. However, the court cannot find that Count 2 accounted for two-thirds of the claimed time entries. The court finds that it more appropriate to reduce the time entries prior to the dismissal of Count 1 by 50%.

Next, the court must consider the reasonableness of the Count 2 time claimed. In considering the reasonableness of the hours worked, the court considers a variety of issues that arise with billing entries. For example, to the extent block billing limits the court's ability to accurately assess the reasonableness of the fee petition, courts can reduce the award by a percentage. See Jolie Design & Décor, Inc. v. Gogh, No. CV 15-0740, 2016 WL 4708210, at *6 (E.D. La. Aug. 11, 2016), report and recommendation adopted, No. CV 15-0740, 2016 WL 4718186 (E.D. La. Sept. 8, 2016) (recommending that recoverable hours be reduced by 35% as a result of block billing where some block billed entries included redacted time entries or time entries

including time spent on an unrelated proceeding without a reduction in the total time); <u>Canon U.S.A., Inc. v. S.A.M., Inc.</u>, No. CIV A 07-1201, 2009 WL 35334, at *4–5 (E.D. La. Jan. 6, 2009) (reducing block billed time entries by 25%). Here, the court has not used a line by line review approach to determine whether time entries are properly categorized as related to Count 1, Count 2, or both, so block billing has not hindered its ability to make that determination. Further, the court notes that not all time entries have been block-billed. However, there are a number of entries that appear to be excessive and because they were block billed, it is difficult to determine whether the time spent was appropriate.

For example:

- Foley Entry 1[2] is for 5.25 hours and lists "Gretna research, drafting of Public Records Act Request, sending said request."

- Foley Entry 4 is for 4.4 hours and lists "Responses to Levenson's PRA reply. Additional research into various potential fees being charged."

- Foley Entry 19 is for 6.32 hours and lists "Legal research into LUTPA, Title VI, Civil RICO claims, Meeting with Jim and Emily to discuss said claims."

- Foley Entry 35 is for 3.5 hours and lists "Observation of Mayor's Court, attempts to track down M.K., arrested at the court, Trips to GPD, Gretna clerk, and JPSO offices."

- Foley Entry 45 is for 5.42 hours and lists "Complaint drafting, research on subclasses and issue classes." This entry is dated December 7, 2016. The following time entries from January 2017 (almost a full year prior to the complaint being filed) also pertain to drafting the complaint: Foley Entry 47 for 1.58 hours ("First draft of complaint"); Foley Entry 48

---

[2] The court uses the numbers given to the time entries by the defendants, <u>see</u> Rec. Doc. 159-2, Rec. Doc. 159-4, and Rec. Doc. 159-6.

for 4.55 hours ("Continued drafting of complaint"); Foley Entry 49 for 3.33 hours ("Drafting of Complaint and circulation to supervisory /co-counsel"). That is almost 15 hours.

- Foley Entry 56 is for 2.75 hours and lists "Observation of Gretna's Mayor's Court trial date, potential plaintiff interview, Investigation of New Millennium Baptist church."[3]

- Foley Entry 125 is for 4.58 hours and lists "Drafting and research for amended complaint and opp'n to Brossette and Lawson's MTDs."

- Foley Entry 144 is for 4.42 hours and lists "Review of Defendants' motion to limit communications and initial research; finalizing First Amended complaint, drafting of motion for leave and filing on ECF."

- Foley Entry 187 is for 5.43 hours and lists "Revision to Reply brief re: class cert, Younger, finalizing, filing on ECF."

- Foley Entry 221 is for 3.66 hours and lists "Drafting response letter to settlement counter proposal ands [sic] stipulations, deposition notices, discussion w/ co-counsel re: timing of depositions."

- Foley Entry 223 is for 2.45 hours and lists "Edits to stipulations, emails to co-counsel, calls to co-counsel re: communication with chambers tomorrow; call with Jim re: strategy in partial SJM [sic]."

- Foley Entry 311 is for 2.57 hours and lists "Drafting 2nd class cert motion, research on timing of fees motion, email discussion w/ Liz re timing of this motion."

Other time entries are not block billed but appear to be excessive in light of the minimal detail provided. For example:

---

[3] It is unclear if the investigation of the church is even related to this litigation.

- Foley Entry Foley Entry 53 is for 13.32 hours and lists "research for preliminary injunction motion."

- Foley Entry 76 is for 4.28 hours and lists "Review of filings in Swear v. Lawson."

- Foley Entry 205 is for 11.57 hours and lists "Drafting stipulations and additional requests for production."

- Foley Entry 243 is for 9.88 hours and lists "Preparation for LeBlanc Deposition"

- Foley Entry 245 is for 8.64 hours and lists "Preparation for Brossette and Stevens Deposition."

- Foley Entries 5 (1.06 hours), 12 (1.25 hours), 52 (1 hour), 55 (.75 hours), 69 (1 hour), 72 (1.33 hours), 74 (1 hour), 80 (2 hours—including 30 minutes travel time), 83 (1.75 hours), 84 (1 hour), 85 (1.1 hours), 90 (1.25 hours), 91 (1 hour), 92 (.7 hours) are for time entries described simply as court watching or court observation. That is a total of 15.69 hours. This is in addition to approximately 5 instances of court watching followed up by memos by paralegal Falvey.

Additionally, counsel's time keeping records do not reflect any time entries written off as "excessive, duplicative, or inadequately documented." Creecy v. Metro. Prop. & Cas. Ins. Co., 548 F. Supp. 2d 279, 286 (E.D. La. 2008); Orthopedic Practice, LLC v. Hartford Cas. Ins. Co., No. CIV.A. 06-08710, 2008 WL 1712300, at *4 (E.D. La. Apr. 8, 2008). When awarding attorney's fees, courts require that the attorneys seeking an award have exercised billing judgment and have reduced fees by a percentage or line by line when the attorneys have failed to do so. Saizan v. Delta Concrete Prod. Co., 448 F.3d 795, 799 (5th Cir. 2006); Creecy, 548 F. Supp. 2d at 286.

Because of the lack of billing judgment, the use, at times, of block billing, and the fact that some entries appear excessive in light of the minimal explanation provided, the court finds it

16

appropriate to reduce the requested fees for which recovery is due by 15% as to Mr. Foley. The court will not reduce the time entries of Ms. Falvey because there has been no block billing and her time entries do not appear to be excessive. Mr. Craig's time entries will be discussed below.

Additionally, certain time entries must be excluded entirely. The defendants argue that plaintiffs have advanced no basis upon which to recover for their attorneys' travel time. In reply, the plaintiffs have offered no reason why travel time should be compensated at the attorneys' hourly rate. All travel logged is local travel within the region, for example, round-trip travel to observe Gretna City Court. The court finds such travel time is not compensable and makes the following deductions:

- Foley Entries 6 (.67), 10 (.58), 13 (.58), 73 (.5), 80 (.5), 82 (.5), 100 (1.05) for a total of 4.38 hours.

- Falvey entries 2 (.42), 2 (.33), 4 (.58), 6 (.42), 10 (.42), 12 (.42), 18 (.42), 19 (.42), 21 (.33), 22 (.45), 25 (.42), 27 (.42), 28 (.25), 29 (.32), 32 (.48), 34 (.42) for a total of 6.52 hours.

The defendants also correctly point out that courts do not award attorneys' fees for time spent by attorneys on administrative tasks. See Dasilva v. U.S. Citizenship & Immigration Servs., No. CIV.A. 13-13, 2014 WL 1819753, at *4 (E.D. La. May 7, 2014), aff'd, 599 F. App'x 535 (5th Cir. 2014) (observing that "billing relative to notices of electronic filing is patently unwarranted"); Hagan v. MRS Assocs., Inc., No. CIV. A. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001), aff'd sub nom. Hagan v. M.R.S. Assocs., Inc., 281 F.3d 1280 (5th Cir. 2001) ("A prevailing plaintiff should not recover an attorney rate for work that clerical staff could have easily accomplished, regardless of who actually performed the work"). However, the court finds only a few instances in which an administrative task like "filing on ECF" has been included, and when it

17

has, it is part of a block billing entry that includes finalizing pleadings and exhibits. The court does not find any deductions necessary for billing of administrative work in light of the fact that block billing entries have already been addressed above.

As noted above, additional deductions must be made for duplication of effort. Where multiple attorneys are representing the client, "the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do may be obviously discounted." Abrams v. Baylor Coll. of Med., 805 F.2d 528, 535 (5th Cir. 1986) (quoting Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717 (5th Cir. 1974) abrogated by Blanchard v. Bergeron, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989)). Plaintiffs seek to recover for hearings and depositions where attorneys Foley and Craig were both present (e.g., Craig Entries 25 (3.5), 26 (3), 31 (3), 40 (.33), 41 (.4), 46 (.33), 49 (.5) for a total of 11.06 hours). The court is not convinced that the participation of two attorneys was required. Thus, the court finds it appropriate to reduce Mr. Craig's time entries by 11.06 hours of time for duplication at court appearances and depositions. Additionally, as with Mr. Foley, there is no evidence of billing judgment—that is, the writing off of time entries as excessive or duplicative. Considering that Mr. Craig's work was primarily reviewing and editing or meeting and communicating with co-counsel, the court would expect some of such time to be written off as excessive. Accordingly, the court finds it appropriate to reduce the requested fees for which recovery is due by 15% as to Mr. Craig.

The Court calculates the reasonable attorneys' fees, subject to the deductions above, as follows:

Pre Dismissal of Count 1 Time:

| Time Keeper | Hours Claimed | Less Travel Time | Less time for multiple attorneys | Reduction by 50% for time shared with Count 1 and 3 | Reduction by 15% for block billing, excessive, lack of billing judgment | Multiplied by hourly rate |
|---|---|---|---|---|---|---|
| Eric Foley | 463.42 | -4.38 = 459.04 | | *.5 = 229.52 | *.85 = 195.092 | *$275 = $53,650.30 |
| M. Rose Falvey | 30.58 | -6.52 = 24.06 | | *.5 = 12.03 | n/a | *95 = $1,142.85 |
| James Craig | 59.51 | -0 = 59.51 | -10.56 = 48.95 | *.5 = 24.475 | *.85 = 20.80375 | *$400 = $8,321.50 |
| TOTAL | | | | | | $63,114.65 |

Post Dismissal of Count 2 Time:

| Time Keeper | Hours Claimed | Less Travel Time | Less time for multiple attorneys | Reduction by 15% for block billing, excessive, lack of billing judgment | Multiplied by hourly rate |
|---|---|---|---|---|---|
| Eric Foley | 100.71 | -0 = 100.71 | n/a | *.85 = 85.6035 | *$275 = $23,540.96 |
| James Craig | 29.39 | -0 = 29.39 | -.5 = 28.89 | *.85 = 24.5565 | *400 = $9,822.60 |
| TOTAL | | | | | $33,363.56 |

Lodestar Total:  $96,478.21.

### d. *Costs*

Plaintiffs seek an award of $10,089 in costs. The defendants do not dispute the reasonableness of the costs claimed. The court finds it appropriate to award the full $10,089 in costs requested.

### e. *Johnson* Factors

Defendants urge the court to pay special attention to factors 1, 5, 8, and 9, that is: the time and labor required, the customary fees charged, the amount involved in the litigation, and the

experience and reputation of the attorney. Factors 1, 5, and 9 have already been considered by the court in the context of determining the lodestar. As to Factor 8, the court does not see a reason to further reduce the award. Although defendants correctly point out that plaintiffs were not successful with Count 1, the court has already considered this is excluding time spent pursuing Count 1. As the court discussed in approving the settlement agreement pertaining to Count 2, the settlement agreement fully remedies the alleged constitutional violations.

Defendants also argue that the <u>Johnson</u> factors require further reduction of the award because the case was not complex, it was initiated with only two clients, there was no trial, there was no showing of a preclusion from other employment, time limitations, no illustration that the case was undesirable, no notable professional relationship with the client. The Court finds that in light of the considerations in assessing the lodestar, these issues do not require further reduction of the requested attorneys' fees.

<u>Conclusion</u>

For the foregoing reasons,  plaintiffs Motion for Attorneys' Fees, Costs, and Expenses. (Rec. Doc. 156) is GRANTED. Plaintiffs are hereby awarded  $96,478.21 in attorneys' fees and $10,089 in costs, to be paid by the defendants.

New Orleans, Louisiana, this 8th day of January, 2021.

Janis van Meerveld
United States Magistrate Judge

20